UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC R. TOWNSEL, | ) CASE NO. C07-0482-JLR-MAT |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| KEN QUINN, et al., | ) |
| Defendants. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for preliminary injunctive relief. Defendants have filed a response opposing plaintiff's motion. For the reasons set forth below, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied.

DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary

injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

Plaintiff asserts in his complaint that he suffered hand and hip injuries as a result of defendants' failure to provide safe living conditions and adequate clothing. He further asserts that defendants, and others, have attempted to interfere with his good faith use of the grievance process and his right of access to the courts. In his motion for preliminary injunctive relief, plaintiff asserts that his transfer from the Monroe Correctional Complex to the Washington State Penitentiary was an attempt by the Department of Corrections to undermine his efforts to litigate this action, and he requests that the Department of Corrections be enjoined from further retaliatory

transfers which could interfere with his ability to access the courts and his own legal documents.

While plaintiff suggests that his transfer to the Washington State Penitentiary was retaliatory, plaintiff offers no evidence that the transfer was effectuated for any improper purpose. To the extent plaintiff requests that this Court enjoin the Department of Corrections from future transfers, his request for injunctive relief is merely speculative. Even assuming, however, that plaintiff is transferred to another institution at some point in time, nothing in the record supports the conclusion that such a transfer would subject plaintiff to irreparable harm.

## CONCLUSION

As plaintiff has not satisfied the standard for obtaining preliminary injunctive relief, this Court recommends that plaintiff's motions for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

DATED this 14th day of September, 2007.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3