UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ERIC R. TOWNSEL, Plaintiff, v. KEN QUINN, et al., Defendants. | ) | CASE NO. C07-0482-JLR REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Eric Townsel has filed a civil rights action under 42 U.S.C. § 1983 seeking monetary relief for injuries suffered in a fall at the Monroe Correctional Complex, Washington State Reformatory Unit ("MCC-WSRU") in Monroe, Washington. Plaintiff asserts in his complaint that defendants failed to provide safe living conditions and adequate clothing. Plaintiff also asserts that the named defendants, and others, attempted to interfere with his use of the grievance process and his right of access to the courts. Plaintiff identifies the following individuals as defendants in his complaint: Ken Quinn, Superintendent of the Monroe Correctional Complex ("MCC"); Mr. Kucza, Associate Superintendent at MCC at times relevant to the complaint; D.

Bustanaby, Custody Unit Supervisor at MCC; Sergeant Carmody; Lieutenant Bratten, and E. Fansler.

Defendants have now filed a motion to dismiss this action.[1] Also pending before the Court is plaintiff's motion to amend his complaint. Plaintiff, by way of his amended complaint, seeks to correct the deficiencies in his original complaint which were identified by defendants in their motion to dismiss, and to add new claims and new defendants to this action. The Court, having reviewed the motions of the parties, and the balance of the record, recommends that defendants' motion to dismiss be granted, and that plaintiff's motion to amend his complaint be granted in part and denied in part.

FACTS

At times relevant to this complaint, plaintiff was a prisoner at the MCC-WSRU where he resided in A-unit. (*See* Dkt. No. 7.) On November 21, 2005, plaintiff was exiting the A-unit shower at MCC when he slipped on a floor covered with water. (*Id*. at 4.) As a result of this fall, plaintiff suffered a laceration to his right hand, which severed two tendons, and an injury to his hip. (*See id*. at 3-4.) MCC medical staff called 911 and plaintiff was taken to Valley General Hospital for treatment of his hand injury. (*Id*. at 4.) Plaintiff was treated at the emergency room, stitched up, and returned to MCC. (*Id*.) Nine days later, plaintiff was returned to the hospital to have the severed tendons surgically repaired. (*Id*.)

Plaintiff contends that his shower accident, and the resulting injuries, were caused by the

---

[1] E. Fansler has not been served and therefore is not deemed a party to this action. The motion to dismiss was brought on behalf of the remaining defendants identified by plaintiff in his original complaint.

following factors: (1) the shower floors at MCC are smooth and slick and therefore unsafe for their intended purpose; (2) the shower mats had been removed from the shower area for cleaning while the showers remained open to be used by inmates; (3) the shower area had razor sharp metal plates placed in a heavily used area which was known to be wet and slippery; (4) the MCC clothing room was obligated to issue replacement shower shoes to inmates and failed to do so; and, (5) the thongs available through the inmate store which the institution allowed to be used as a shower shoe were inadequate for that purpose. Plaintiff also asserts that the institution and the medical staff had an obligation to expedite the repair of his severed tendons and failed to do so.

DISCUSSION

Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)

An action may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In order to set forth a *prima facie* case under § 1983, a plaintiff must establish a deprivation of a federally protected right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The

particular harm complained of must be scrutinized in light of specifically enumerated rights. *Id*. That a plaintiff may have suffered harm, even if due to another's negligent conduct, does not itself demonstrate a violation of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

A defendant cannot be held liable under § 1983 solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d at 1355 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Defendants argue in their motion to dismiss that plaintiff failed to state any constitutional violations or to allege any facts rising to the level of a constitutional violation in his original complaint.

***1. Eighth Amendment***

Defendants correctly note in their motion to dismiss that plaintiff fails to allege any violation of a constitutional right. Liberally construed, however, plaintiff's claims that defendants failed to provide safe living conditions and adequate clothing implicate plaintiff's rights under the Eighth Amendment.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *Id*. In order to establish an Eighth Amendment violation, a

prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id*. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 837. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

While plaintiff alleges that a number of factors contributed to his fall in the shower area at MCC in November 2005, he does not allege any facts suggesting that any of the named defendants knew of, and disregarded, an excessive risk to his safety. In fact, the exhibits which plaintiff submitted in support of his complaint suggest the opposite. The exhibits submitted by plaintiff consist, in part, of grievances filed by plaintiff following his accident which raise concerns about the cleaning procedures, the unsafe conditions in the shower area, and the failure of the institution to issue replacement shower shoes. The responses to these grievances reveal that after plaintiff's fall, the cleaning procedures were modified, strips were welded over the sharp edges of

the metal plates to address the cut hazard, and a plan was implemented to address the shower shoe issue. Thus, the record suggests that defendants, once made aware of the risks posed by conditions in the shower area and of deficiencies in the clothing policy, acted quickly to address those risks.

The facts alleged by plaintiff in his original complaint suggest, at most, that some of the defendants may have been negligent in their duties. Negligent conduct, by itself, does not rise to the level of a constitutional violation. *See Davidson, supra*. As plaintiff alleges no facts in his original complaint demonstrating that any of the named defendants was deliberately indifferent to his health or safety, defendants' motion to dismiss should be granted with respect to plaintiff's claims which implicate Eighth Amendment concerns.

***2. Grievance Process***

Plaintiff also asserts in his complaint that he was denied good faith use of the grievance process and access to the courts. Once again, plaintiff does not specifically allege a violation of any federal constitutional right. Moreover, plaintiff does not specifically identify any defendant who personally participated in causing this alleged harm, and he offers no facts to support these allegations. Accordingly, plaintiff does not adequately allege a cause of action under § 1983 arising out of the alleged denial of access to the grievance process and, thus, his complaint should be dismissed with respect to those claims as well.

Motion to Amend

This Court has concluded that plaintiff failed to adequately allege a cause of action under § 1983 in his original complaint. The next question for this court is whether the deficiencies may be cured by amendment. Plaintiff has presented the court with a proposed amended complaint in

which he expands on his allegations against the defendants named in his original complaint. Plaintiff also identifies new claims and new defendants in his proposed amended complaint which arise out of the November 2005 shower incident. The Court will now review whether the proposed amended complaint adequately alleges any cause of action under § 1983 claim which would permit this action to proceed.

***1. Eighth Amendment Claims - Showers***

Plaintiff alleges in his proposed amended complaint that defendants Quinn, Kucza, Bustanaby, and Carmody demonstrated deliberate indifference to his health and safety when they deprived him of safe shower facilities. He also alleges that these defendants failed to inspect the showers, failed to establish shower safety standards, and failed to regulate compliance with said standards by their subordinates. However, plaintiff fails to allege any facts demonstrating that these individuals had personal knowledge of the dangers posed by the condition of the showers or by the cleaning procedures. The manner in which plaintiff sets forth his claims against these four defendants suggests that he intends for them to be held liable based upon their supervisory authority rather than their personal participation. This is not permitted under § 1983*See Monell*, *supra*.

Plaintiff further alleges in his proposed amended complaint that defendants Quinn, Kucza, and Bratten, as well as Mr. Fansler, demonstrated deliberate indifference to plaintiff's health and safety when they refused to issue him replacement shower shoes as mandated by Department of Corrections policy. Plaintiff contends that the lack of proper shower shoes contributed to his shower accident of November 21, 2005, and to the injuries he sustained as a result of that accident. As to defendants Quinn, Kucza, and Bratten, plaintiff also alleges that these defendants

failed to properly train and supervise subordinate staff with respect to safety standards and Department of Corrections policy.

Even assuming the lack of proper shower shoes contributed to plaintiff's fall, plaintiff's allegations fall far short of what is required to state an Eighth Amendment claim. There is simply nothing in the record to suggest that defendants knew of, and disregarded, the risk posed by the failure of the clothing room to issue replacement shower shoes. In fact, it appears once again that plaintiff is seeking to have Quinn, Kucza and Bratten held liable based solely on their supervisory authority. This is not permitted under § 1983. *See Monell*, *supra*.

Plaintiff alleges in his proposed amended complaint that Correctional Officers Fletcher, Florence, and Parker demonstrated deliberate indifference to plaintiff's health and safety when they deprived plaintiff of safe shower facilities. Plaintiff contends that these three correctional officers either removed, or personally instructed others to remove, the rubber shower mats. He further contends that these three correctional officers had personal knowledge of the slick flooring in the showers and that they ordered others to mop the slick flooring without posting any warning signs. Plaintiff maintains that these actions contributed to his November 21, 2005, shower accident.

The manner in which plaintiff sets forth his allegations against these three defendants suggests that he does not know which of these individuals may have been responsible for the cleaning of the showers on the day in question. Moreover, plaintiff fails to allege facts demonstrating that any of these individuals had a sufficiently culpable state of mind. The fact that these individuals *may* have been involved in directing cleaning procedures which *may* have contributed to plaintiff's accident is not sufficient to establish that these individuals knew of, and disregarded, an excessive risk to plaintiff's health or safety.

Plaintiff alleges in his proposed amended complaint that Correctional Officer Zak demonstrated deliberate indifference to plaintiff's health or when he deprived plaintiff of safe shower facilities. Plaintiff contends that Zak was the safety officer and that he therefore had a duty to conduct safety inspections, and to instruct others in safety inspections, which could have exposed the serious safety hazards in the MCC-WSRU showers. Plaintiff contends that Zak's indifference to his duty contributed to the November 21, 2005, shower accident.

As noted above, in order for a prison official to be found liable for denying an inmate humane conditions of confinement, the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. Plaintiff asserts that a variety of factors, including the physical make-up of the shower area, the cleaning procedures, and the failure of the institution to issue proper shower shoes contributed to his fall. However, plaintiff offers no facts demonstrating that Zak was aware of these various risk factors and disregarded them. Plaintiff's claim that Zak *should* have known of these factors because of his role as the safety officer suggests, at most, that Zak was negligent in the performance of his duties. And, negligence is insufficient to support a federal constitutional violation.

Plaintiff has not adequately alleged any cause of action under § 1983 based upon the physical condition of the showers, the cleaning procedures, or the shower shoe policy. Accordingly, plaintiff's motion to amend his complaint should be denied as to these claims.

***2. Eighth Amendment Claims - Medical Care***

Plaintiff alleges in his proposed amended complaint that defendants Quinn and Kucza, along with Dr. Kenney, Physician's Assistants Shuey and King, and Dr. Munk denied him

adequate medical care for the injuries he suffered in his November 2005 shower accident.

a. Failure to Expedite Surgical Repair

Plaintiff asserts that defendants Quinn and Kucza, as well as Dr. Kenney, P.A. King and Dr. Munk, failed to expedite surgical repair of plaintiff's severed tendons. Defendants argue that plaintiff failed to grieve his claim regarding defendants' failure to timely treat his hand injury and that he therefore should not be permitted to amend his complaint to add this claim.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001).

Plaintiff, in response to defendants' exhaustion argument, has filed a motion to admit a grievance log to which he has attached grievances filed concerning his hand injury. Plaintiff appears to be of the belief that these documents demonstrate that he has properly exhausted his claim regarding timely treatment of his hand injury. In fact, these grievances were filed almost a year after plaintiff's hand was surgically repaired and they raise issues regarding plaintiff's recovery from the hand injury and not defendants' failure to expedite surgical repair in the first instance. To the extent plaintiff complains that his constitutional rights were violated when defendants failed to expedite repair of his severed tendons in November 2005, plaintiff has offered no evidence that he filed any grievance raising this precise claim. Accordingly, plaintiff's motion

to amend should denied to the extent he seeks to add such a claim to this action by way of amendment.

b. Defendants Quinn, Kucza, and Kenney

In addition to his assertion that defendants Quinn and Kucza, and Dr. Kenney, denied him adequate medical care when they failed to provide prompt treatment for his injured hand, plaintiff also asserts that these defendants failed to provide prompt treatment for plaintiff's hip injury. However, plaintiff makes no showing that any of these individuals had any direct involvement in, or responsibility for, plaintiff's medical care. Plaintiff allegations appear to be directed at these individuals in their roles as supervisory officials at MCC-WSRU. As noted above, supervisory officials may not be held liable under § 1983 solely on the basis of the conduct of their subordinates. Accordingly, plaintiff has not adequately alleged a cause of action against defendants Quinn or Kucza, or against Dr. Kenney, based upon failure to provide timely medical treatment. Accordingly, plaintiff's motion to amend should be denied with respect to plaintiff's medical care claims against these three individuals.

c. Defendant Shuey

Plaintiff asserts that P.A. Shuey denied him adequate medical care when she failed to intervene in plaintiff's transfer from MCC to the Washington State Penitentiary ("WSP"). Plaintiff contends that P.A. Shuey was aware of plaintiff's prescribed treatments, and allowed one prescribed treatment to be cancelled as a result of his transfer. Plaintiff also asserts that P.A. Shuey was aware of the potential for denial of treatment at WSP, but failed to speak on plaintiff's behalf with respect to the transfer. Finally, plaintiff appears to contend that P.A. Shuey failed to make necessary arrangements to ensure that plaintiff had pain medication available for use during

his transfer.

The facts alleged by plaintiff simply do not suggest that P.A. Shuey caused plaintiff any harm sufficiently serious to implicate Eighth Amendment concerns. Accordingly, plaintiff's motion to amend should be denied with respect to plaintiff's claims against P.A. Shuey.

d. P.A. King

Plaintiff asserts that P.A. Kelly King denied him adequate medical care when she failed to expedite surgical repair of plaintiff's severed tendons and failed to provide an MRI after plaintiff complained on numerous occasions of pain and loud popping noises in his right hip. As noted above, plaintiff failed to properly exhaust his claim that any of the defendants or proposed defendants failed to expedite surgical repair of his severed tendons. Thus, plaintiff may not proceed against P.A. King as to that claim. However, to the extent plaintiff alleges that P.A. King failed to provide him adequate medical care for his injured hip plaintiff has arguably alleged sufficient facts at this juncture to allow plaintiff to proceed against P.A. King. Accordingly, plaintiff should be permitted to amend his complaint to add his claims against P.A. King which pertain to his hip injury.

e. Dr. Munk

Plaintiff asserts that Dr. Munk, the orthopedic surgeon at Valley General Hospital who performed the surgery on plaintiff's hand, denied him adequate medical care when he failed to expedite the surgical repair of plaintiff's severed tendons, failed to listen to plaintiff's numerous complaints of cramping, swelling, and loss of mobility, and failed to prescribe additional testing to identify potential long term risk of scarring and to identify reasons for the constant edema and cramping. As noted above, plaintiff failed to properly exhaust his claim that any of the defendants

or proposed defendants failed to expedite surgical repair of his severed tendons. Thus, plaintiff may not proceed against Dr. Munk as to that claim. However, plaintiff has arguably alleged sufficient facts at this juncture to allow plaintiff to proceed against Dr. Munk with respect to his claims arising out of Dr. Munk's post-surgical care of plaintiff's hand. Accordingly, plaintiff should be permitted to amend his complaint to add his claims against Dr. Munk which pertain to the post-surgical care of plaintiff's hand.

***3. Grievance Process***

Plaintiff alleges in his proposed amended complaint that defendants Bustanaby and Carmody, as well as Grievance Coordinator S. Collins, denied him access to the grievance process. More specifically, as to defendants Bustanaby and Carmody plaintiff contends that they delayed delivery of grievances responses on at least two occasions "nearly" causing dismissal and preventing access to the courts. As to Grievance Coordinator Collins, plaintiff appears to contend that she deprived him of access to the grievance process when she refused to file and/or respond to grievances concerning the issue of plaintiff's transfer to another facility.

The Constitution creates no entitlement to prison grievance procedures. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, prison officials' failure to comply with a state's grievance procedure is not actionable under § 1983. *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D. Va. 1994)(citing *Mann*, 855 F.2d at 640.) Thus, even assuming, as plaintiff argues, that defendants Bustanaby and Carmody, and Grievance Coordinator Collins, failed to comply with the state grievance procedure, plaintiff has not stated a claim upon which relief may be granted in these § 1983 proceedings. Accordingly, plaintiff's motion to amend his complaint should be denied with respect to plaintiff's claims concerning the grievance process.

***4. Transfer to Another Facility***

Plaintiff alleges in his proposed amended complaint that defendants Quinn, Kucza, and Bustanaby, as well as Grievance Coordinator Collins, Custody Unit Supervisor Howe, and, Correctional Counselor Pittsenbarger, failed to ensure that plaintiff received a proper classification hearing prior to his transfer from MCC-WSRU to the Washington State Penitentiary ("WSP") in June 2007.

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). Transfer of an inmate from one institution to another does not implicate a protected liberty interest. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Likewise, a prisoner does not have a liberty interest in a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)).

It is clear that plaintiff had no protected liberty interest at stake and, thus, no process was due prior to his transfer from MCC to WSP. To the extent plaintiff believes that his transfer interfered with his ability to receive necessary medical treatment, plaintiff's remedy is to pursue that necessary medical care through his treatment providers at WSP. Plaintiff's transfer does not implicate federal constitutional concerns and, thus, his motion to amend his complaint to add a claim regarding his transfer to WSP should be denied.

CONCLUSION

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted and that this action be dismissed with prejudice as to defendants Quinn, Kucza, Bustanaby, Carmody and Bratten. This Court further recommends that plaintiff's motion to amend his

complaint be granted in part and denied in part. Specifically, this Court recommends that plaintiff's motion to amend be granted with respect to plaintiff's claims against P.A. King which pertain to plaintiff's hip injury. This Court also recommends that plaintiff's motion to amend be granted with respect to plaintiff's claims against Dr. Munk which pertain to the post-surgical care provided to plaintiff for his hand injury. Finally, this Court recommends that plaintiff's motion to amend be denied in all other respects. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of January, 2008.

Mary Alice Theiler
United States Magistrate Judge