UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC R. TOWNSEL, ) | CASE NO. C07-0482-JLR-MAT |
| ) | |
| Plaintiff, ) | |
| ) | ORDER RE: PLAINTIFF'S PENDING |
| v. ) | MOTIONS TO ADMIT DOCUMENTS |
| ) | AND TO STRIKE AMENDED |
| KEN QUINN, et al., ) | COMPLAINT |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil rights action brought under 42 U.S.C. § 1983.  Currently pending before the Court are plaintiff's motion to admit documents into the record and plaintiff's motion to strike his previously submitted amended complaint.  The Court, having reviewed these motions, and the balance of the record, does hereby find and ORDER as follows:

(1)  Plaintiff's motion to admit documents (Dkt. No. 96) is DENIED.  Plaintiff, by way of the instant motion, seeks to have admitted into the court record documents which he believes establish the liability of defendants who were previously dismissed from this action.  As all claims against defendants Quinn, Kucza, Bustanby, Carmody, and Bratten were dismissed with prejudice by Order dated March 7, 2008, it would serve no purpose to admit the requested documents here.

ORDER RE: PLAINTIFF'S PENDING MOTIONS TO
ADMIT DOCUMENTS AND TO STRIKE AMENDED
COMPLAINT
PAGE -1

01 If, as it appears, plaintiff's intent is that the documents be made available to the Ninth Circuit for
02 consideration as a part of his appeal of this Court's dismissal of the above referenced defendants,
03 plaintiff should submit the documents directly to the Ninth Circuit.

04     (2)    Plaintiff's motion to strike his previously submitted amended complaint (Dkt. No.
05 97) is DENIED. Plaintiff, by way of the instant motion, seeks to strike an amended complaint
06 which was received by the Court for filing on April 21, 2008, and to enter a new amended
07 complaint which was submitted in conjunction with the instant motion. However, because plaintiff
08 did not seek leave of court to file the amended complaint which was received on April 21, 2008,
09 that amended complaint is not properly before the Court. Plaintiff will not be permitted to replace
10 one unauthorized amended complaint with a second unauthorized amended complaint. As plaintiff
11 was previously advised by the Court, if he wishes to amend his complaint to set forth only those
12 claims pertaining to defendants King and Munk, he must file a motion to amend his complaint
13 together with a proposed amended complaint.

14     (3)    Plaintiff was previously directed to provide addresses for defendants King and
15 Munk not later than May 20, 2008. On April 21, 2008, plaintiff provided to the Court, in
16 conjunction with his unauthorized amended complaint, a series of summons forms which, in total,
17 identify two addresses for Dr. Andres Munk and twelve addresses for Kelly King. While the Court
18 is satisfied that plaintiff has made a good faith effort to provide a valid current address for
19 defendant Munk, the same cannot be said about plaintiff's efforts with respect to defendant King.

20     Plaintiff identifies one of the addresses provided for Kelly King as defendant King's last
21 known place of employment. However, plaintiff does not identify what connection, if any, the
22 remaining eleven addresses have with the Kelly King who is named as a defendant in this lawsuit.

ORDER RE: PLAINTIFF'S PENDING MOTIONS TO
ADMIT DOCUMENTS AND TO STRIKE AMENDED
COMPLAINT
PAGE -2

01 In fact, it very much appears that plaintiff has simply provided the Court with every address he
02 could find in the State of Washington for any individual named Kelly King in hopes of locating the
03 right Kelly King in the process. This is wholly unacceptable. The Court will not permit plaintiff
04 to proceed against defendant King until he can demonstrate to the Court that he has a good faith
05 belief that the Kelly King who was formerly a Physician's Assistant at the Monroe Corrections
06 Complex can be located at a specific address.

07      The Court will grant plaintiff one final opportunity to provide a current address for
08 defendant King. Plaintiff is directed to provide that address to the Court not later than *June 25,*
09 *2008*. If plaintiff fails to timely identify an address at which defendant King may be served, the
10 Court will issue a service order directing that only defendant Munk be served.

11      (4)   The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and
12 to the Honorable James L. Robart.

13      DATED this 20th day of May, 2008.

15                                    Mary Alice Theiler
                                      United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING MOTIONS TO
ADMIT DOCUMENTS AND TO STRIKE AMENDED
COMPLAINT
PAGE -3